UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Winthrop Resources Corporation,

Plaintiff,

v.

North American Lighting, Inc.,

Defendant.

Civil File No. 01-551(PAM/SRN)

**MEMORANDUM AND ORDER**

---

The above-entitled action arises from a dispute between Plaintiff Winthrop Resources Corporation ("Winthrop") and Defendant North American Lighting, Inc. ("NAL") concerning the date on which a lease for certain computer equipment was terminated. On February 12, 2002, the Court granted Winthrop's Motion for Summary Judgment, giving Winthrop five months' worth of lease charges for May 2000 through September 2000, sales taxes, late charges, and property taxes as well as reasonable costs and attorneys' fees. This matter is now before the Court on NAL's Motion to Amend.

NAL contends that the Court's Order failed to account for the fact that NAL paid Winthrop $9,095 as a security deposit. According to NAL this amount was never returned to it, should have been applied by Winthrop to the amount due under the Lease Agreement for May 2000, and should now be credited to NAL. Allowing Winthrop to retain the security deposit while forcing NAL to pay five months' worth of lease charges, NAL argues, would

APR 0 1 2002
FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

result in a windfall of two lease charge payments for May 2000.

As Winthrop notes, however, NAL did not allege in either its answer or in its memorandum opposing summary judgment that it was entitled to the return of or credit for its security deposit. A motion to amend under Fed. R. Civ. P. 59(e) "'should [not] be employed to introduce evidence that . . . was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits.'" Dale & Selby Superette & Deli v. United States Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993) (quoting Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986)); see Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993) (citations omitted) (affirming denial of motion to alter or amend judgment because such motion "cannot be used to raise arguments which could have been raised prior to the issuance of judgment"). NAL's failure to raise the argument about the security deposit during the pendency of the case operates as a waiver of the argument. See Dale & Selby Superette, 838 F. Supp. at 1348.

Even if the Court were to overlook the fact that NAL has waived the argument, however, the unambiguous language of the lease schedules at issue in this case shows that NAL is not entitled to the return of or credit for the security deposit. The lease schedules state that "[p]rovided there is no default by Lessee, this Security Deposit will be applied by Lessor as the Lease Charges for the last month of the lease." (Lisle Aff. Exs. A-B.) The Court determined in its previous Order that NAL had defaulted on the lease. Accordingly, Winthrop was not obligated to apply the security deposit to the last month of lease charges

and the deposit was forfeited.

Accordingly, for the foregoing reasons, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Amend (Clerk Doc. No. 28) is **DENIED**.

Dated: April 4, 2002

Paul A. Magnuson
United States District Court Judge