UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Winthrop Resources Corporation,

Plaintiff,

v.

North American Lighting, Inc.

Defendant.

Civ. File No. 01-551 (PAM/SRN)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on the Motion of Plaintiff Winthrop Resources Corporation ("Winthrop") for Attorney's Fees, Costs, and Property Taxes. Winthrop seeks attorneys' fees in the amount of $37,821.25, costs in the amount of $1,757.50, and property taxes in the amount of $497.16. For the following reasons, the Court grants Winthrop's Motion, but limits Winthrop's recovery of attorneys' fees to $19,556.25.

As a general rule, of course, each party to a lawsuit is responsible for its own attorneys' fees, absent a statute mandating otherwise or a valid contractual provision providing for the award of reasonable attorneys' fees. In this case, pursuant to paragraph 19 of the Lease Agreement at issue, the Court determined that Winthrop was entitled to its reasonable attorneys' fees. See February 12, 2002, Memorandum and Order at 10.

Determining what constitutes a reasonable award of attorneys' fees turns on the particular facts and circumstances of a given case. See Deluxe Corp. v. MIPS Dataline Am., Inc., Civ. No. 99-1975 (ADM/SRN), 2001 WL 476584, *1 (D. Minn. May 4, 2001) (citing

APR 10 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). The district court has substantial discretion in determining the amount of any attorneys' fees awarded. See Jarrett v. ERC Properties, Inc., 211 F.3d 1078, 1084-85 (8th Cir. 2000). The Eighth Circuit gives

> great deference to the district courts on fee matters having to do with services performed before them. Those courts are necessarily more familiar than we are . . . with the course of litigation before them, including what lawyers may have done that was unnecessary and what may have taken up more time than it needed to.

Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999). Although the starting point for determining the amount of a reasonable fee award is the "lode star" amount, calculated by multiplying the reasonable number of hours worked by counsel by a reasonable hourly rate for that attorney's services, there are other factors that the Court should consider to adjust the fee upward or downward. See Bailey v. Runyon, 50 F.Supp. 2d 891, 893 (D. Minn. 1999). These factors include: (1) the time and labor required; (2) the novelty or relative difficulty of the issues presented by the case; (3) the skill required of the attorney to properly perform legal services; (4) the preclusion of other employment due to the acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the experience, reputation, and ability of the attorney; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; (11) awards in similar cases; and (12) the success achieved by the plaintiff. See id. at 893-94 (citing Zoll v. Eastern Allamakee

Comty. School Dist., 588 F.2d 246, 252 n.11 (8th Cir. 1978)); see also Hensley, 461 U.S. at 430-33.

Winthrop argues that the fees it seeks "are reasonable and were necessarily incurred in prosecution of this matter." (Pl.'s Supp. Mem. at 3.) Defendant North American Lighting, Inc. ("NAL") contends, however, that Winthrop's requested attorneys' fees are unreasonable because this case did not involve complex issues, and Winthrop and its counsel have litigated numerous similar cases involving essentially the same lease provisions. NAL also argues that Winthrop's requested fees are excessive because the amount of damages claimed by Winthrop, approximately $145,000, measured against the recovery actually received by Winthrop, approximately $59,000, does not justify the substantial amount of attorneys' fees that Winthrop seeks.

The Court agrees that the fees Winthrop seeks are unreasonable in light of the particular circumstances in this case. Winthrop and its counsel represented to the Court that this case was "simple and straightforward," and Winthrop has regularly litigated disputes over similar lease agreements. (Pl.'s Reply Mem. Supp. Summ. J. at 1.) Although there has been no allegation, and there is no reason to believe, that Winthrop's counsel in this matter, Kelly & Berens, P.A. ("Kelly & Berens"), has inaccurately recorded time spent working on the case, the Court is not convinced 166.75 hours of work was required to render legal service properly. Additionally, this case did not require the full range of litigation expertise possessed by Kelly & Berens. See Deluxe Corp., 2001 WL 476584 at *1. Many of the

hours for which Winthrop seeks fees were billed by Kelly & Berens' named partners. As a result, the average billable hour rate charged by Kelly & Berens in this matter was approximately $227. Given that the case was a simple and straightforward breach of contract case, much if not most of the work done in this matter could have been performed by an associate with a lower billable hour rate. Finally, considering that the relative success of the plaintiff is "[t]he most important fact in determining what is a reasonable fee," Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997), the Court finds that Winthrop's limited success in this case militates against awarding it full recovery for its attorneys' fees.

The Court, therefore, will grant Winthrop an award of attorneys' fees for 111.75 hours of work at a billable rate of $175 per hour. Accordingly, upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees, Costs, and Property Taxes (Clerk Doc. No. ) is **GRANTED** as follows:

a. Plaintiff is entitled to recover from Defendant attorney's fees in the amount of $19,556.25;

b. Plaintiff is entitled to recover from Defendant costs in the amount of $1,757.50; and

c. Plaintiff is entitled to recover from Defendant property taxes in the amount of $497.16.

Dated: April 10, 2002

Paul A. Magnuson
United States District Court Judge